ANDRÉ BIROTTE JR.
United States Attorney
CHRISTINE C. EWELL
Assistant United States Attorney
Chief, Criminal Division
STEVEN R. WELK
Assistant United States Attorney
Chief, Asset Forfeiture Section
FRANK D. KORTUM
Assistant United States Attorney
Asset Forfeiture Section
California Bar No. 110984
    1400 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213)894-5710
    Facsimile: (213)894-7177
    E-Mail: Frank.Kortum@usdoj.gov

Attorneys for Plaintiff
United States of America

JS - 6

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | NO. CV 11-03049-AG (CWx) |
|     Plaintiff, ) | CONSENT JUDGMENT OF FORFEITURE |
|     v. ) | |
| SIX DESCALING VALVES, SIX SOLENOID VALVES, AND TWENTY FLOW CONTROL VALVES, ) | |
|     Defendants. ) | |

    This action was filed on April 11, 2011. Notice was given and published in accordance with law. No claims or answers have been filed, and the time for filing such claims and answers has expired. Plaintiff and potential claimant have reached an agreement that is dispositive of the action. The parties hereby request that the Court enter this Consent Judgment of Forfeiture.

**WHEREFORE, IT IS ORDERED, ADJUDGED AND DECREED:**

1. This court has jurisdiction over the parties and the subject matter of this action.
2. Notice of this action has been given in accordance with law. All potential claimants to the defendant are deemed to have admitted the allegations of the Complaint. The allegations set out in the Complaint are sufficient to establish a basis for forfeiture.
3. The defendant Six Descaling Valves, Six Solenoid Valves, and Twenty Flow Control Valves are forfeited to the United States of America, and no other person or entity shall have any right, title or interest therein. The United States Customs and Border Protection is ordered to dispose of said asset in accordance with law.
4. Potential claimant Maple Pacific Corporation hereby releases the United States of America, its agencies, agents, and officers, including employees and agents of the Homeland Security, U.S. Customs and Border Protections, from any and all claims, actions or liabilities arising out of or related to this action, including, without limitation, any claim for attorney's fees, costs or interest which may be asserted on its behalf.

5. Plaintiff, United States of America, agrees that it will not seek to recover civil sanctions (except to the extent that the forfeiture of the defendants can be considered a civil sanction), attorney's fees or costs in connection with this action or the underlying seizure.

6. The Court finds that there was reasonable cause for the seizure of the defendants and institution of these proceedings. This judgment shall be construed as a certificate of reasonable cause pursuant to 28 U.S.C. § 2465.

Dated: January 19, 2012

_____
THE HONORABLE ANDREW J. GUILFORD
UNITED STATES DISTRICT JUDGE

<u>CONSENT</u>

The parties hereto consent to the above Consent Judgment of Forfeiture and waive any right of appeal.

DATED: January __, 2012     ANDRÉ BIROTTE JR.
                            United States Attorney
                            ROBERT E. DUGDALE
                            Assistant United States Attorney
                            Chief, Criminal Division
                            STEVEN R. WELK
                            Assistant United States Attorney
                            Chief, Asset Forfeiture Section


                            _____/s/_____
                            FRANK D. KORTUM
                            Assistant United States Attorney

                            Attorneys for Plaintiff
                            United States of America


Date: January __, 2012      ROBERT W. SNYDER LAW OFFICES


                            _____/s/_____
                            ROBERT W. SNYDER, ESQ.

                            Attorney for Maple Pacific
                            Corporation